UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CRIMINAL ACTION NO. 07-MISC-11-GFVT

UNITED STATES OF AMERICA,                                                         PLAINTIFF,

V.                              **MEMORANDUM OPINION
                                       AND ORDER**

BENJAMIN HOGAN,                                                                         DEFENDANT.

  This matter is before the undersigned on Defendant's Motion for Order for Jail Time Credit. [R. 18]. For the following reasons, Defendant's motion [Id.] will be denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

  On January 5, 2006, Benjamin Hogan was sentenced following his plea of guilty to Count 1 of Southern District of Indiana Indictment 05-CR-10-1, charging him with Possession with Intent to Distribute More than 50 Grams of Methamphetamine in violation of 21 U.S.C. § 841(a)(1). [R. 2-3]. He was sentenced to forty-six (46) months imprisonment, to be followed by a three (3) year term of supervised release. [Id. at 2-3]. On October 19, 2007, Hogan began his three-year period of supervised release through the Probation Office in Pikeville, Kentucky.

  Hogan was arrested by state authorities on February 26, 2009, for Operating a Motor Vehicle Under the Influence of Alcohol or Drugs. Following his arrest, a federal detainer was placed on him based upon a warrant for violating the conditions of supervised release. On April 15, 2009, Hogan was found guilty of the state DUI charge and sentenced to sixty-seven (67) days imprisonment, with credit for sixty-seven (67) days of time served. Hogan was subsequently transferred to federal

custody to face charges of violating the conditions of his supervised release.  On May 20, 2009, this Court revoked Hogan's supervised release and sentenced him to ten (10) months imprisonment. [R. 13, 14].

Hogan filed the instant Motion for Order for Jail Time Credit [R. 18] on September 29, 2009. He seeks credit against his federal sentence for the time he spent in state custody while under the federal detainer. [Id.].

## II.  ANALYSIS

The Court cannot reach the merits of Hogan's motion because jurisdiction is lacking. "[I]t is the Attorney General, though the Bureau of Prisons, and not the district court, that is authorized pursuant to § 3585(b) to grant a defendant credit for time served prior to sentencing." U.S. v. Oglesby, No. 02-3143, 2002 WL 31770320, at *1 (6th Cir. Dec. 9, 2002) (unpublished) (citing U.S. v. Wilson, 503 U.S. 329, 335 (1992)).  A prisoner may seek judicial review of the BOP's calculation of sentence credit pursuant to 28 U.S.C. § 2241, but only after exhausting administrative remedies within the BOP.  See Id.; see also U.S. v. Cosby, No. 08-20209-STA, 2009 WL 416246, at *2 (W.D. Tenn., Feb. 18, 2009) ("[E]xhaustion of administrative remedies within the BOP is a jurisdictional prerequisite to seeking the district court's review of the BOP's sentence credit calculation.").  As Hogan fails to demonstrate that he exhausted his administrative remedies within the BOP before filing the instant motion, the Court cannot review his claims.  Even were jurisdiction present, however, Hogan would not be entitled to the jail credit which he seeks because the time he spent in state custody while under the federal detainer was credited against his state sentence.  See 18 U.S.C. 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... *that has not been*

2

*credited against another sentence.*") (emphasis added); see also Usher v. Dewalt, No. 06-CV-169-JMH, 2006 WL 2092393, at *2 (E.D.Ky., July 26, 2006) (unpublished) (petitioner not entitled to "double dip" by receiving custody credit toward both state and federal sentence); Mitchell v. Dewalt, No. 06-cv-424-JBC, 2007 WL 293861, at *3 (E.D.Ky., Jan. 24, 2007) (unpublished) (accord).

### III.  CONCLUSION

Having considered the matter fully, and for the foregoing reasons,

IT IS ORDERED that Defendant's Motion for Order for Jail Time Credit [R. 18] is DENIED.

Signed on October 16, 2009.

Signed By:
*Edward B. Atkins*   *EBA*
**United States Magistrate Judge**